Glenn R. Kantor, SBN 122643
Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Ste. 1400
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
CHRIS AHERN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHRIS AHERN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZAGG INC; and ZAGG INC EXECUTIVE SEVERANCE PLAN,<br><br>　　　　Defendant. | Case No.  8:24-cv-02251<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS; BREACH OF FIDUCIARY DUTY** |

　　　　Plaintiff, CHRIS AHERN herein sets forth the allegations of his Complaint against Defendants ZAGG INC ("Zagg") and ZAGG INC EXECUTIVE SEVERANCE PLAN (the "Plan") as follows:

**PRELIMINARY ALLEGATIONS**

　　　　1.　"Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as

1. this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of the employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to payment of benefits, pre-judgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff was at all relevant times, an employee of ZAGG INC, and a participant in the Zagg Inc Executive Severance Plan. ("the Plan"). He was at the time he participated in the Severance Plan a resident of Orange County, California. He is currently a resident of Orange County, California.

3. Plaintiff is informed and believes that Defendant ZAGG is a corporation with its principal place of business in the State of Utah, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. ZAGG INC EXECUTIVE SEVERANCE PLAN (the "Plan") is a top hat pension plan/severance governed by ERISA.

4. ZAGG is doing business in the Central District of California in that it covers insureds working and residing in the Central District. Plaintiff is further informed and believes that the Plan Administrator has appointed ZAGG as a fiduciary for deciding claims for benefits under the plan, and for deciding any appeals of denied claims. ZAGG administered the claim, interpreted Policy terms, and issued a claim denial, all while operating under a conflict of interest, and the bias this created adversely affected the claims determination.

5. As a benefit of his employment, Plaintiff was provided an Executive Severance Plan. The Plan is a part of an employee welfare benefit plan regulated by ERISA, in which Plaintiff was a participant, and pursuant to which Plaintiff is entitled to severance benefits upon termination of employment. Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to Severance benefits following his termination of employment.

6. Defendant ZAGG can be found in this judicial district and the Plan is administered in this judicial district. The claim at issue herein was also specifically administered in this judicial

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. §1391(c).

### FIRST CLAIM FOR RELIEF
### AGAINST DEFENDANTS ZAGG INC; and ZAGG INC EXECUTIVE SEVERANCE PLAN, FOR ERISA BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
### (29 U.S.C. § 1132(a)(1)(B))

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by ZAGG, was a covered participant under the terms and conditions of the Plan at issue in this action. Zagg was the claims administrator and made all decisions to pay or deny benefit claims pursuant to the terms of the Plan.

9. During Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the PLAN. Specifically, while Plaintiff was covered under the PLAN, Plaintiff became entitled to benefits following his termination of employment, effective February 8, 2023.

10. Pursuant to the terms of the Plan, Plaintiff made a timely claim for severance benefits under the Plan and satisfied all terms of the Plan.

11. Plaintiff always has been prepared to satisfy all terms of the Plan which would entitle him to receive the referenced severance benefits. However, notwithstanding Plaintiff having fulfilled all obligations on his part to be performed, Defendants have denied Plaintiff's claim for severance benefits.

12. Plaintiff timely appealed the denial of his Severance benefits. A copy of Plaintiff's appeal letter is attached hereto as Exhibit "1."

13. On October 23, 2023, defendants upheld their decision to deny Plaintiff's Claim for Severance benefits. A copy of Defendant's letter of October 23, 2023, denying Plaintiff's appeal is attached hereto as Exhibit "2."

14. ZAGG's refusal to continue to approve the Severance benefits to Plaintiff constitutes a violation of its duties to Plaintiff under ERISA.

15. Defendant ZAGG and the Plan breached the Policy and violated ERISA in the following respects:

    (a) Failing to pay SEVERANCE benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Policy.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claims for SEVERANCE benefits;

    (c) Failing to adequately describe to Plaintiff any material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

    (d) Concealing and withholding from Plaintiff the notice requirements Defendant was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive;

    (e) Failing to investigate the merits of Plaintiff's claim and failing to provide a full and fair review of Plaintiff's claim; and properly and adequately

    (f) Failing to accept and consider the additional information supporting Plaintiff's claim(s) for benefits.

16. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his Severance benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

17. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Policy.

18. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff has suffered damages for loss of severance benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding Plaintiff's claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

20. The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the Policies and to clarify his right to future benefits under the terms of the Policy.

## SECOND CLAIM FOR RELIEF

## AGAINST DEFENDANTS ZAGG INC AND ZAGG INC EXECUTIVE SEVERANCE PLAN, FOR BREACH OF FIDUCIARY DUTY, ENFORCEMENT AND CLARIFICATION OF RIGHTS OF THE PLAINTIFF U.S.C. § 1132(a)(3)

21. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

22. ZAGG is a claim fiduciary responsible for the administration and funding of the ZAGG INC Executive Severance Plan. ZAGG INC Executive Severance Plan is a Fiduciary for the Administration of the Plan.

23. ZAGG breached its fiduciary duty via its failure to provide Plaintiff with a full and fair review because of the acts set forth above, and specifically, failing to provide him an appropriate release as described in the Severance Plan which only waived any claims he might have against Defendants. The release provided to him also waived any rights he had, including the right of indemnification in the event suit or claims were made against him for acts performed while in the employee of Zagg. Plaintiff is informed and believes and thereupon alleges that Defendants' failure to provide an appropriate release was an intentional act intended to deprive Plaintiff of the Severance Benefits to which he is entitled under the Plan terms.

24. ZAGG INC Executive Severance Plan breached its Fiduciary Duty to Plaintiff by imposing requirements as a condition precedent to the payment of Plan severance benefits which are not contained within the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of Severance benefits due to Plaintiff;

2. As order that the payment of Severance benefits based on the failure to sign a release in an acceptable form, resulted from the Breach of Fiduciary Duties on the part of Defendants to provide a release in a form in compliance with the terms of the Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

7. Such other and further relief as this Court deems just and proper.

DATED: October 15, 2024          KANTOR & KANTOR, LLP

                                 By:    /s/ Glenn R. Kantor
                                        Glenn R. Kantor
                                        Attorneys for Plaintiff
                                        CHRIS AHERN